UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL C. CATHLIN,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

23-CV-4219 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights in criminal proceedings before the Criminal Court of the City of New York, New York County, in violation of the Equal Protection Clause of the Fourteenth Amendment and the New York State Constitution. By order dated May 24, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that Defendants violated his rights in connection with his arrest and criminal proceedings, resulting in his conviction of attempted forcible touching and sexual abuse in the third degree. Named as defendants are the City of New York; Christina Awad, an Assistant District Attorney at the Manhattan District Attorney's Office ("DA's Office"); Jacob Smith, a member of the New York City Police Department ("NYPD") Transit Bureau Manhattan Task Force; Michael Miceli, a Youth Officer at NYPD Transit Bureau District 2; and Catherine Byrns, Esq., an attorney at the DA's Office. Plaintiff seeks to vacate his conviction and seal his DNA results, and money damages.

The following information is taken from the complaint. Plaintiff, who at the time was a second year law student, was arrested on June 11, 2019, and charged with forcible touching and sexual abuse in the third degree based on a subway train incident. On November 25, 2019, Judge Josh Hanshaft, who presided over Plaintiff's criminal case in the Criminal Court of the City of New York, New York County, denied him his right to a jury trial in violation of the Equal Protection Clause of the Fourteenth Amendment and the New York State Constitution. Judge Hanshaft "did not recognize the potential of [Plaintiff] being homeless and the damage it caused to [his] reputation, as a person as well as a security officer, serious enough for a jury trial within the confines of New York City." (ECF 1, at 5.)[1] Instead, Judge Hanshaft conducted a bench trial and allowed "admission of hearsay for the complainant, which otherwise would have been the only evidence to use against [Plaintiff's] plea of not guilty." (*Id*.) Although at trial, "it was established no communication of any kind occurred between [Plaintiff] and the complainant before, during, or after the incident," Judge Hanshaft found Plaintiff guilty of attempted forcible touching and sexual abuse in the third degree and imposed a sentence of one year probation and counseling, and submission of his DNA.

On appeal, the New York Supreme Court, Appellate Division, First Department ("Appellate Division"), affirmed Plaintiff's conviction, and the New York Court of Appeals denied him leave to appeal. *See People v. Cathlin*, 76 Misc. 3d 137(A), 175 N.Y.S.3d 408 (Table) (1st Dep't Oct. 12, 2022), *lv denied*, 39 N.Y.3d 1077 (Feb. 21, 2023). The Appellate Division determine that there was no basis for disturbing the trial court's acceptance of the victim's account of the incident and rejection of Plaintiff's testimony, that the verdict was not

---

[1] The Court quotes Plaintiff's complaint and other submissions verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

against the weight of evidence, that any errors in admission of statements were harmless, and that Plaintiff was not entitled to a jury trial. *See People v. Cathlin*, 76 Misc. 3d 137(A), at *1-2.

In the complaint, Plaintiff reiterates many of the same grounds for relief from the direct appeal of his conviction. He refers to the victim's shifting accounts of the events and asserts that she "fabricated the story about [his] hand under her dress because of embarrassment, from thinking a rat was on her leg, and for whatever unknown reason, thought [he had] laughed at her reaction to this mistake." (ECF 1, at 11.) Plaintiff also challenges aspects of his arrest, including the arresting officer's failure to use his body camera "for the purpose of supporting the truth" or to verify the victim's account of the events the same day. (*Id*. at 12.) Plaintiff further asserts that Judge Hanshaft failed to address prosecutorial misconduct, made favorable rulings for the prosecution, and convicted him of the charges despite "discrepancies of unreliable, inconsistent testimonies." (*Id*. at 13.)

## DISCUSSION

Plaintiff brings this action seeking to vacate his state court conviction, seal his DNA results, and money damages for alleged violations of his rights in the criminal proceedings before the Criminal Court of the City of New York, New York County. Because Plaintiff is not in custody − and thus has no remedy available through *habeas* relief − the Court construes the complaint as asserting claims of constitutional violations under 42 U.S.C. § 1983.[2] *See Huang v.*

---

[2] Generally, a civil action is not the appropriate vehicle to seek expungement of a criminal conviction. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (noting that a writ of *habeas corpus* is the sole remedy for a prisoner seeking to challenge the fact or duration of his confinement); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]"). However, the favorable termination rule stated in *Heck* does not bar Section 1983 claims when *habeas* relief is

4

*Johnson*, 251 F.3d 65, 74 (2d Cir. 2001) (noting Justice Souter's language in a concurrence that stated that "'a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy'" (quoting *Spencer v. Kemna*, 523 U.S. 1, 21 (1998) (Souter, J., concurring))). Section 1983 allows an individual to bring suit against persons who, acting under color of state law, have caused him to be depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States."[3] 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). For the reasons set forth below, however, the Court must dismiss this action.

A. **Challenge to Conviction**

The *Rooker-Feldman* doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (citation omitted). Because "federal district courts are granted original – and not appellate – jurisdiction, cases that function as de facto appeals of state-court judgments are therefore jurisdictionally barred." *Id*. Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where the plaintiff seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021)

---

unavailable. *See Huang v. Johnson*, 251 F.3d 65, 74 (2d Cir. 2001); *see also Heck*, 512 U.S. at 500 ("[State prisoners] not 'in custody' cannot invoke federal *habeas* jurisdiction, the only statutory mechanism besides § 1983 by which individuals may sue state officials in federal court for violating federal rights.").

[3] To state a Section 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West*, 487 U.S. at 48-49.

5

("[The *Rooker-Feldman* doctrine] bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus review)." (citation omitted)).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a final state court order or judgment; (3) the plaintiff invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

The *Rooker-Feldman* doctrine applies where a plaintiff seeks relief that invites a federal district court to reject or overturn a final decision of a state court as to a conviction. *See Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) (dismissal of Section 1983 claims warranted under *Rooker-Feldman* where a plaintiff "seeks nothing more than a review of a state court judgment"); *Moalawi v. James*, No. 22-CV- 6770, 2023 WL 4817618, at *2 (S.D.N.Y. July 27, 2023) (finding that *Rooker-Feldman* bars Plaintiff's challenge to state-court conviction under Section 1983); *Mitchell v. New York State*, No. 22-CV-1747, 2023 WL 2734823, at *4 (E.D.N.Y. Mar. 31, 2023) (dismissing under the *Rooker-Feldman* doctrine, Section 1983 action that "necessarily invites the Court to review the judgment of [the plaintiff's state court criminal] conviction"); *Molina v. James*, No. 21-CV-3144, 2022 WL 813815, at *5 (E.D.N.Y. Mar. 17,

2022) (dismissing under the *Rooker-Feldman* doctrine, plaintiff's request for an injunction to dismiss his criminal conviction); *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 705-06 (S.D.N.Y. 2011) (finding no subject-matter jurisdiction under *Rooker-Feldman*, where plaintiff requested to "void . . . conviction entered by . . . state courts").

Here, Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. Plaintiff, who was convicted in state court before bringing this action, complains that his constitutional rights were violated in his 2019 criminal proceedings. In other words, he challenges the validity of his state court conviction and invites the Court to review the judgment of conviction. The *Rooker-Feldman* doctrine bars this Court from reviewing such challenges. The Court therefore dismisses Plaintiff's challenge to his state court conviction, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

**B.      Remaining Section 1983 Claims**

Plaintiff brings this action ostensibly challenging his conviction and the submission of his DNA on the ground that he was denied his right to a jury trial in violation of the Equal Protection Clause of the Fourteenth Amendment and the New York State Constitution. (*See* ECF 1, at 2.) However, Plaintiff names as defendants the City of New York, prosecutors from the Manhattan DA's Office, and the officers involved in his arrest. It therefore appears that as well as challenging the validity of his conviction, Plaintiff is also bringing Section 1983 claims against these defendants arising out of his arrest and prosecution.

**1.      Statute of limitations**

Plaintiff's claims arising from his arrest and prosecution may be time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three

7

years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). A false arrest claim under Section 1983 accrues, for example, when the false arrest ends, that is, once the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention.").

Plaintiff was arrested on June 11, 2019, and was convicted on November 25, 2019. Plaintiff therefore had until some point between June 2022 and November 2022 to file a timely action asserting claims arising from his arrest and prosecution. Plaintiff's complaint, however, was filed on May 21, 2023, almost six months beyond the expiration of the three-year limitations period.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas*, 480 F.3d at 640. Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

To the extent Plaintiff is seeking to bring claims arising out of his arrest and prosecution, his claims were filed beyond the expiration of the applicable statute of limitations. Normally, the

8

Court would grant him leave to plead any facts showing that equitable tolling applies but, as discussed below, Plaintiff fails to state any claim for relief, and therefore, it is appropriate to dismiss his untimely claims.

### 2. Claims against the City of New York

When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not allege any facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional or statutory rights. The Court therefore dismisses any claims Plaintiff may be asserting under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### 3. Claims against Awad and Byrns

Plaintiff claims for damages under Section 1983 against Defendants Christina Awad and Catherine Byrns arising from his criminal prosecution must also be dismissed. Prosecutors are

9

immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff does not allege what Defendants Awad and Byrns did to violate his rights. However, the Court understands Plaintiff's claims against these defendants to be based on actions within the scope of their official duties within the Manhattan DA's Office and associated with the conduct of a trial. Therefore, Plaintiff's claims against these defendants are dismissed because he seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915A(b)(2), and, consequently, as frivolous, 28 U.S.C. § 1915A(b)(1). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that a claim against a prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### C.     Claims against Smith and Miceli

Plaintiff also names Officers Smith and Miceli, who appear to be the arresting officers, as defendants in this action. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Officers Smith or Miceli were personally involved in the events underlying his claims. Plaintiff's claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] The Court notes that Plaintiff does not allege any facts suggesting viable false arrest or malicious prosecution claims. To state a claim for false arrest and imprisonment under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013)

11

### D. Claims under State Law

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

(emphasis and citation omitted). Plaintiff does not allege facts indicating that the police officers who arrested him for forcible touching and sexual abuse lacked probable cause or otherwise acted unreasonably or in the absence of good faith when they arrested him.

     Any malicious prosecution claim Plaintiff is asserting is also deficient. To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Thus, because favorable termination is an element of a malicious prosecution claim, a plaintiff who has been convicted and seeks to recover damages under Section 1983 for malicious prosecution must show that his conviction terminated in his favor by alleging that the conviction or sentence has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determinations, or otherwise called into question by a federal court's issuance of a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that Section 1983 actions are "barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration" (italics in original) (citing *Heck*, 512 U.S. at 486-87)). Because Plaintiff does not allege facts suggesting that his conviction has been overturned or otherwise invalidated, he cannot state a viable malicious prosecution claim for damages and equitable relief.

### E.     Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's challenge to his conviction under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court also dismisses Plaintiff's remaining claims under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). All other pending matters in this action are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 18, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge